**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal No. 24-114** |
| **ZAMER WILLIAMS** | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its undersigned attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Robert E. Eckert and Kwambina I. Coker, Assistant United States Attorneys for the district, respectfully requests that this Court accept the parties' Rule 11(c)(1)(C) plea agreement and sentence the defendant accordingly.   The government recommends a sentence of 147 months' imprisonment in accordance with the guilty plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C).   For the reasons described below, the government believes that a sentence of imprisonment of 147 months is warranted given the defendant's conduct and other sentencing factors discussed below. In support of the government's recommended sentence, the government represents as follows.

## I.   INTRODUCTION

Defendant Zamer Williams pled guilty to two counts of carjacking, in violation of Title 18, United States Code, Section 2119 (Counts One and Three) and one count of the carrying, using, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Count Two).   The parties agreed under Federal Rule of Criminal Procedure 11(c)(1)(C) to recommend a sentence within the range of 120 to 154 months' incarceration, a five-year period of supervised release, and a $300 special assessment.   A sentencing hearing is scheduled for May 20, 2025, at 10:00 a.m.   ECF 34.

1

II.    **SENTENCING PROCEDURE**

The Third Circuit has set forth a three-step process which the district courts must follow

in compliance with the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.
>
> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and

citations omitted) (citing United States v. King, 454 F.3d 187, 194, 196 (3d Cir.

2006); United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006)).

The government explains below its view of the proper consideration in this case of the

advisory guideline range and of the § 3553(a) factors, which support a sentence of 147 months in

this case.

III.    **MAXIMUM and MANDATORY MINIMUM PENALTIES**

The Court may impose the following statutory maximum sentence on each of Counts One

and Three (carjacking): 15 years' imprisonment, a three-year period of supervised release, a

$250,000 fine, and a $100 special assessment.

The Court may impose the following statutory maximum sentence on Count Two

(carrying, using, and brandishing a firearm during and in relation to a crime of violence): life

imprisonment, a seven-year mandatory minimum term of imprisonment consecutive to any other

sentence imposed, a five-year period of supervised release, a $250,000 fine, and a $100 special assessment.

The Court may impose the following total maximum sentence: life imprisonment, a seven-year mandatory term of imprisonment consecutive to any other sentence imposed, a $750,000 fine, a five-year period of supervised release and a $300 special assessment.

## IV.    SENTENCING GUIDELINES CALCULATIONS

The government agrees with the sentencing guideline calculation as determined by the Probation Office.

With regard to Count One, the base offense level is a 20 under USSG § 2B3.1.   Because a firearm was otherwise used, six levels are ordinarily added under USSG § 2B3.1(b)(2)(B); however, because the defendant was convicted of violating 18 U.S.C. § 924(c), (Count Two) that offense characteristic is not applied.   PSR ¶ 36.   Here, the offense involved carjacking, thus two additional levels are added.   PSR ¶ 38.   Finally, the victim of the offense sustained serious bodily injury, thus an additional four-levels are added.   PSR ¶ 37.   Thus, the total offense level for Count One is 26.   PSR ¶ 42.

Similarly, for Count Three, the base offense level is a 20 under USSG § 2B3.1.   PSR ¶ 43.   Three levels are added because a dangerous weapon was possessed or brandished during the carjacking under USSG § 2B3.1(b)(2)(E).   PSR ¶ 44.   Two levels are added because the victim of this offense sustained bodily-injury.   PSR ¶ 45.   Finally, because the offense involved carjacking an additional two-levels are added.   PSR ¶ 46.   Thus, the total offense level for Count Three is 27.

Here, there are a total of two units, thus offense level is increased two levels under USSG

§ 3D1.4, for a total offense level of 29.   PSR ¶ 52-53.   After three levels are subtracted for acceptance of responsibility, the total offense level is 26.   PSR ¶ 56-57.   The defendant has no adult criminal convictions and is thus in Criminal History category I.   The guideline range for an offense level of 26 and a Criminal History Category of I is 63-78 months.   PSR ¶ 137.   Here, 84 months are added to the guideline range based on the defendant's conviction on Count Two for a total guideline range of 147 to 162 months.

## V.   <u>ANALYSIS OF THE 3553(a) FACTORS</u>

The government seeks a sentence of 147 months.   The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."   <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a).   Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the

offense.    18 U.S.C. § 3553(a).[1]

      1.    <u>Nature and Circumstances of the Offense</u>

On November 11, 2023, at approximately 9:00 pm, the victim, Victim #1 was working as an Uber driver when he arrived at the Ikea parking lot at 2206 S. Columbus Blvd in South Philadelphia to pick up a passenger.    Victim #1 was driving a blue 2016 Mazda CX-5 bearing Pennsylvania license plate, LVF-5862 and Vehicle Identification Number: JM3KE4DY4G0647181.    As Victim #1 arrived at the location, he observed his passenger, pushing a cart towards his car.    Victim #1 parked his vehicle and exited the vehicle to assist his passenger with placing his items in his trunk.

As Victim #1 attempted to get back in his vehicle, he was carjacked by two individuals one of whom was the defendant.    Victim #1 reported being pushed away from his vehicle by a black male wearing a mask.    As Victim #1 pushed passed the first offender, the first offender pulled out a firearm and pointed the gun at him.    Victim #1 described the firearm as a black firearm with a red light.    Victim #1 pushed the offender with the firearm, then the second offender, who was bigger in stature pushed Victim #1 causing him to fall.    The bigger offender then got into the driver seat and pushed Victim #1 again and started to drive away. The first

---

[1]  Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."    The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'"    <u>United States v. Dragon</u>, 471 F.3d 501, 506 (3d Cir. 2006) (quoting <u>United States v. Navedo-Concepcion</u>, 450 F.3d 54, 58 (1st Cir. 2006)).

offender then got into the passenger seat and the car fled southwest on Weccacoe Ave. The offenders also stole Victim #1's cellphone, which was inside the vehicle at the time of the carjacking.

On November 13, 2023, at approximately 9:00 pm, Victim #2, drove her 2016 Ford Fusion SE, bearing Pennsylvania Tag MDR-4125 and VIN: 3FA6P0H73GR174300, to the Wawa, located at 1602 S. Columbus Blvd in Philadelphia. Victim #2 parked her vehicle in front the Wawa, left the car running and entered the store. As Victim #2 exited the Wawa, she observed someone getting into her vehicle and confronted him. The offender, later identified as the defendant, drove off as Victim #2 held on to the door. When the defendant drove off, he dragged Victim #2 to the street from the parking lot, where she finally let go of her car. The defendant dragged her nine to ten feet and then ran over her foot before driving away.

On April 1, 2024, the defendant was interviewed by federal law enforcement after he was arrested and charged with the two carjackings noted above. The defendant was provided his Miranda rights which he waived and he agreed to speak to agents. The defendant provided a statement to investigators and admitted to committing the Ikea carjacking and to carrying a real Glock firearm during the commission of the offense that is charged in Count One of the Superseding Indictment.

    2.    <u>History and Characteristics of the Defendant</u>

This case represents the defendant's first adult criminal conviction. PSR ¶ 60.

    3.    <u>Personal Background</u>

The defendant is 19 years-old and resided in Camden, New Jersey, with his mother prior to his arrest in this case. PSR ¶ 100. During his childhood, he resided with his mother at

certain times and was in and out of group homes and foster care in New Jersey.   PSR ¶ 90-95.

The defendant's father has been incarcerated for much of the defendant's life except for

approximately one year when they lived together in Paulsboro, New Jersey.   PSR ¶ 99.   The

defendant has suffered significant periods of residential instability and is in need of education,

training, and mental health treatment.

        In addition, the defendant reported using marijuana on a daily basis between the age of 12

and the age of 18.   PSR ¶ 117.   In addition to the need for drug treatment, the defendant should

be directed to obtain his GED as a condition of his supervision.   PSR ¶ 126.   The defendant

attended Highland Regional High School in Blackwood, New Jersey, but did not graduate.   PSR

¶ 124.   Finally, the defendant reported he worked at Taco Bell during 2021 and 2022 and

reported earning $600 bi-weekly.   PSR ¶ 129.

        While the defendant needs substance abuse treatment, there is nothing in the record that

demonstrates that he cannot receive the necessary treatment while incarcerated.

        4.      Need for the Sentence Imposed to Reflect the Seriousness of the Offenses, to
                Promote Respect for the Law, and to Provide Just Punishment for the Offenses

        The offenses of conviction for Williams are extremely serious. The defendant carjacked

two innocent civilians.   In doing so, they victimized a person who was trying to earn an honest

living as an Uber Driver and another who was a patron of a local Wawa.   Both of the victims of

the defendant's crimes were injured during the carjackings.   In one instance, the defendant

pointed a firearm at the victim who was picking up a passenger at an Ikea.   In the second, he

stole the victim's car as she went into a Wawa and then refused to relinquish when confronted by

the victim.   It is clear from his behavior, that a sentence of 147 months' imprisonment is

required in this case "to reflect the seriousness of the offense, to promote respect for the law, and

to provide just punishment for the offense."

     5.     Need to Afford Adequate Deterrence to Criminal Conduct, and to Protect the <u>Public from Further Crimes of the Defendant</u>

The recommended sentence affords adequate deterrence to others who would commit similar offenses and protects the public from any further crimes of the defendant at least for the period of time that he is incarcerated. 18 U.S.C. § 3553(a)(2).

     6.     Need to Provide the Defendant with Educational or Vocational Training, Medical <u>Care, or other Correctional Treatment in the Most Effective Manner</u>

Williams could benefit from additional educational or vocational programs, and he expressed an interest in obtaining a GED while serving his sentence in custody.   PSR ¶ 126. Considering that the defendant committed these crimes to steal money and other items of value, it seems that he could certainly benefit from any educational programs and vocational training while incarcerated and/or while on supervised release, to learn a lawful way to earn income. This would also aid the defendant in reintegrating into society.

     7.     Need to Avoid Unwarranted Sentence Disparities Among Defendants with <u>Similar Records who have been Found Guilty of Similar Conduct</u>

Sentencing consistency is extremely important in the overall administration of justice. Any sentence imposed on defendant Williams must reflect consideration of the sentences imposed upon similarly situated defendants who brought to the table the same types of sentencing considerations as those presented by Williams.   Sentencing disparities among such individuals must be avoided.   Here, the government recommends a sentence at the bottom of the applicable guideline range.

8.     <u>Restitution</u>

The law requires that the defendant pay restitution to his victims. 18 U.S.C. § 3663A.

The government respectfully requests that this Court impose restitution as set forth in the PSR,

para. 27-28.

## VI.   **<u>CONCLUSION</u>**

The government respectfully requests that this Court impose the following sentence: 147

months' imprisonment, a five-year period of supervised release, and a $300 special assessment.

Respectfully submitted,

David Metcalf
United States Attorney


/s Robert E. Eckert
Robert E. Eckert
Kwambina I. Coker
Assistant United States Attorneys

Dated: May 13, 2025

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the government's sentencing memorandum has been served via electronic filing and electronic mail on this date on counsel for the defendant:

Zachary Parrish, Esq.
Counsel for Zamer Williams


/s Robert E. Eckert
Robert E. Eckert
Assistant United States Attorney

Date: May 13, 2025